UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

ANTONIO G. RUBIALES
and other similarly situated individuals,

    Plaintiff(s),

v.

TRUCK WORLD CORP,
TRUCK MOTION CORP,
JOAQUIN MARTIARENA,
And ANDRES MARTIARENA,
individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff ANTONIO G. RUBIALES, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants TRUCK WORLD CORP, TRUCK MOTION CORP, JOAQUIN MARTIARENA, and ANDRES MARTIARENA, individually and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid wages under the laws of the United States. Accordingly, This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff ANTONIO G. RUBIALES is a resident of Dade County, Florida, who worked at St. Lucie County within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendants TRUCK WORLD CORP and TRUCK MOTION CORP, are Florida corporations having places of business in St. Lucie County, Florida, within the jurisdiction of this Court. Defendants TRUCK WORLD CORP and TRUCK MOTION CORP were employers of Plaintiff, within the meaning of the FLSA. Defendants were engaged in interstate commerce.

4. The individual Defendants JOAQUIN MARTIARENA, and ANDRES MARTIARENA, (father and son) are the owners/partners/ and managers of TRUCK WORLD CORP and TRUCK MOTION CORP, and they operated both businesses simultaneously. These individual Defendants are the employers of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d).

5. Defendants TRUCK WORLD CORP and TRUCK MOTION CORP are joint employers of Plaintiffs within the meaning of the FLSA. They also constitute a joint enterprise for the purpose of reaching the $500,000.00 threshold, which triggers enterprise coverage.

6. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

7. All the actions raised in this complaint occurred in Orange County, Florida, within this Court's jurisdiction.

General Allegations

8. Plaintiff ANTONIO G. RUBIALES brings this cause of action as a collective action to recover from the Defendants minimum wages, liquidated damages, costs, and reasonable

attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked for Defendants during one or more weeks on or after November 2022, (the "material time") without being adequately compensated.

9. Defendants TRUCK WORLD CORP and TRUCK MOTION CORP are transportation and trucking companies. Defendants have facilities located at 802 S. Kings Hwy, Fort Pierce, FL 34945.

10. The entities performed related activities using the same employees to perform cargo transportation services, had common vendors, transferred products and materials from one place to the other, jointly created business schedules, shared employees, managers, provided mutually supportive services, had the same owners, officers, performed unified operations, were commonly controlled and had a common business purpose.

11. Defendant companies equally hired and fired employees, supervised, and controlled Plaintiffs' work schedules, and maintained employment records of Plaintiffs and other similarly situated individuals.

12. The individual Defendants JOAQUIN MARTIARENA, and ANDRES MARTIARENA, were the owners/managers, and they supervised the day-to-day operations of both businesses. These individual Defendants acted directly in the interests TRUCK WORLD CORP and TRUCK MOTION CORP, concerning its employees, including Plaintiff and others similarly situated. Defendants JOAQUIN MARTIARENA, and ANDRES MARTIARENA, had equal financial and operational control of both businesses.

13. Therefore, because the work performed by Plaintiff and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interests, Defendants TRUCK WORLD CORP and TRUCK MOTION CORP are a joint enterprise and joint employers of Plaintiff within the meaning of the Fair Labor Standards Act.

14. Defendants TRUCK WORLD CORP and TRUCK MOTION CORP are also the joint employers of Plaintiffs and other similarly situated employees under the FLSA's broad definition of "employer" (29 USC §203 (d)), and they are jointly and severally liable for Plaintiffs' damages.

15. From now on, Defendants TRUCK WORLD CORP and TRUCK MOTION CORP will be called collectively TRUCK MOTION or corporate Defendant.

16. Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA employed Plaintiff ANTONIO G. RUBIALES from approximately November 01, 2022, to February 3, 2023, or 13 weeks.

17. Plaintiff had duties as a truck driver transporting cargo. Plaintiff was paid at the rate of $ 0.65 per mile.

18. While employed by Defendants, Plaintiff worked from Monday to Saturday a minimum of 70 hours weekly. Plaintiff did not take bonafide lunch periods.

19. Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and CARLOS MARTIARENA were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

20. On or about the first week of August, Defendants did not pay Plaintiff for his work and services for the week. Plaintiff complained, but he continued working for two more weeks.

21. On or about August 23, 2022, Plaintiff was forced to resign from his employment because he was not paid wages for three consecutive weeks.

22. At the time of his resignation, Defendants refused to pay Plaintiff three weeks of work with a minimum of 70 hours each. Plaintiff was not paid at any rate, not even at the minimum wage rate as required by law.

23. Defendants controlled Plaintiff's schedule and activities, and they knew the number of hours worked by Plaintiff.

24. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

25. The Plaintiff was paid by Zelle, with cash without any paystub or records showing the number of days and hours worked, number of miles paid, employee taxes withheld, etc.

26. Plaintiff is not in possession of time and payment records, and without the benefit of discovery, it will be difficult to know the exact amount he is owed.

27. However, Plaintiff will provide a preliminary Statement of Claim for three weeks with 70 hours each. Plaintiff will amend his Statement of Claim according to time and payment records after proper discovery.

28. Plaintiff ANTONIO G. RUBIALES seeks to recover minimum wages for all hours worked during his entire period of employment, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

29. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

30. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour as required by the FLSA.

31. This action is intended to include every truck driver and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

### COUNT I:
### FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

32. Plaintiff ANTONIO G. RUBIALES re-adopts every factual allegation stated in paragraphs 1-31 of this Complaint as if set out in full herein.

33. The employer TRUCK MOTION was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a transportation company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

34. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines. Plaintiff participated directly in interstate commerce by transporting cargo across state borders. Therefore, there is individual coverage.

35. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is

employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

36. Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA employed Plaintiff ANTONIO G. RUBIALES from approximately November 01, 2022, to February 3, 2023, or 13 weeks.

37. Plaintiff had duties as a truck driver transporting cargo. Plaintiff was paid at the rate of $ 0.65 per mile.

38. While employed by Defendants, Plaintiff worked from Monday to Saturday a minimum of 70 hours weekly. Plaintiff did not take bonafide lunch periods.

39. On or about the first week of August, Defendants did not pay Plaintiff for his work and services for the week. Plaintiff complained, but he continued working for two more weeks.

40. On or about August 23, 2022, Plaintiff was forced to resign from his employment with Defendants because they did not pay him for three consecutive weeks.

41. At the time of his resignation, Defendants refused to pay Plaintiff three weeks of work with a minimum of 70 hours each. There was a substantial number of working hours that were was not paid at any rate, not even at the minimum wage rate as required by law.

42. Defendants controlled Plaintiff's schedule and activities, and they knew the number of hours worked by Plaintiff.

43. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

44. Plaintiff was paid by Zelle, without any paystub or records showing the number of miles, days and hours worked, employee taxes withheld, etc.

45. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, the Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights under the FLSA. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

47. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid minimum wages will include only three unpaid weeks. Plaintiff will adjust his calculations to include any unpaid worked hours after discovery. Plaintiff's calculation is as follows:

    *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       Two Thousand Three Hundred Ten Dollars and 00/100 ($2,310.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 13 weeks
       Total relevant weeks of employment: 3 weeks
       Total number of unpaid weeks: 3 weeks

>   Total hours worked: 70 hours weekly
>   Total number of unpaid hours: 70 hours per week
>   Fl. Minimum wages: $11.00 an hour
>
>   Min. Wage $11.00 x 70 hours=$770.00 weekly x 3 weeks=$2,310.00
>
>   c. <u>Nature of wages:</u>
>
>   This amount represents unpaid minimum wages at the Florida min. wage rate[1]

48. Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

49. Defendants knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above. Plaintiff is entitled to recover double damages.

50. At times mentioned, individual Defendants JOAQUIN MARTIARENA, and ANDRES MARTIARENA were the owners/partners/managers of TRUCK MOTION. Defendants JOAQUIN MARTIARENA, and ANDRES MARTIARENA were the employers of Plaintiff and other similarly situated employees. In that, these individual Defendants acted directly in the interests of TRUCK MOTION in relation to its employees, including Plaintiff and others similarly situated. Defendants JOAQUIN MARTIARENA, and ANDRES MARTIARENA had absolute financial and operational control of the

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

51. Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable Attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff ANTONIO G. RUBIALES and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ANTONIO G. RUBIALES and against the Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff ANTONIO G. RUBIALES and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

### COUNT II
### UNPAID WAGES (COMMON LAW) – 448.08
### AGAINST ALL DEFENDANTS

52. Plaintiff ANTONIO G. RUBIALES re-adopts every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

53. At all times material hereto, Plaintiff was an employee of the Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA.

54. On or about November 01, 2022, Plaintiff ANTONIO G. RUBIALES and Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA entered into a contract (hereinafter the "Employment Contract") by which Plaintiff agreed to serve Defendants as a full-time truck driver.

55. Plaintiff worked for Defendants from November 01, 2022, to February 03, 2023, or Thirteen weeks.

56. Defendants entered into an employment contract with Plaintiff ANTONIO G. RUBIALES by agreeing to pay Plaintiff for the total value of his work and services.

57. Pursuant to the Employment Contract entered with Plaintiff ANTONIO G. RUBIALES, Plaintiff would be paid at the rate of $0.65 per mile.

58. Plaintiff fulfilled his obligations under the Employment agreement entered into with Defendants. Plaintiff worked from Monday to Saturday a minimum of 70 hours weekly. Plaintiff did not take bonafide lunch periods.

59. At all times material hereto, Plaintiff performed and excelled at the essential functions of

his position.

60. However, Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA breached their Employment contract with Plaintiff by failing to pay Plaintiff wages as agreed.

61. On or about February 03, 2023, Plaintiff was forced to leave his employment because Defendants failed to pay him his hard-earned wages for three consecutive weeks.

62. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working a minimum of 70 hours without lunchtime.

63. Therefore, Plaintiff was not paid for the total value of his work and services, as promised and required by law.

64. At the moment of his resignation, Defendants refused to pay Plaintiff his overdue wages.

65. Plaintiff estimates that Defendants failed to pay Plaintiff wages for approximately Three Thousand Nine Hundred Dollars & 00/100 ($1,300.00 weekly average x 3 weeks= $3,900.00). [2]

66. Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA willfully failed to pay Plaintiff ANTONIO G. RUBIALES wages during his time of employment.

67. This is an action in the common law.

68. Plaintiff ANTONIO G. RUBIALES is entitled to damages as a result of the Defendants' failure to pay wages, as further stated above.

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

69. Plaintiff ANTONIO G. RUBIALES has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff ANTONIO G. RUBIALES respectfully requests that this Honorable Court enter a judgment against Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA that :

   A. Award the Plaintiff ANTONIO G. RUBIALES unpaid wages found to be due and owing;

   B. Award the Plaintiff prejudgment interest;

   C. Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

   D. Order such other relief as this Court deems just and equitable.

## Demand for a Jury Trial

Plaintiff ANTONIO G. RUBIALES and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT III:
## BREACH OF EMPLOYMENT CONTRACT
## AGAINST ALL DEFENDANTS

70. Plaintiff re-states and re-alleges paragraphs 1 through 1-28 as if set forth in full herein.

71. On or about November 01, 2022, Plaintiff ANTONIO G. RUBIALES and TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA entered into a contract (hereinafter the "Employment Contract") by which Plaintiff agreed to serve Defendants as a full-time truck driver.

72. Defendants entered into an employment contract with Plaintiff ANTONIO G. RUBIALES by agreeing to pay Plaintiff for the full value of his work and services.

73. Pursuant to the Employment Contract entered with Plaintiff ANTONIO G. RUBIALES, Plaintiff would be transporting cargo across interstate lines.

74. Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA would pay Plaintiff $0.65 per mile.

75. Plaintiff fulfilled his obligations under the contractual agreement entered into with Defendants. Plaintiff worked from Monday to Saturday, a minimum of 70 hours weekly.

76. At all times material hereto, Plaintiff performed and excelled at the essential functions of his position.

77. However, Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA breached their contract with Plaintiff by failing to pay him as specified in their contractual agreement.

78. On or about February 03, 2023, Plaintiff was forced to leave his employment because he was working a minimum of 70 hours weekly, but he was not paid his wages for three consecutive weeks.

79. At the time of his resignation, Defendants refused to pay Plaintiff his overdue hard-earned wages.

80. There is a substantial number of miles or working hours that were not paid to Plaintiff according to the contract.

81. Plaintiff was not paid as promised and outlined in their contractual agreement.

82. Plaintiff estimates that Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA breached their contract by failing to pay him miles or wages

for approximately Three Thousand Nine Hundred Dollars & 00/100 ($1,300.00 weekly average x 3 weeks= $3,900.00). [3]

83. As a result of the Defendants' breach, Plaintiff ANTONIO G. RUBIALES has suffered actual, consequential, and incidental damages.

84. Defendants' conduct is in breach of the employment contract and the good faith and fair dealing found in every contract, including the contract entered into between Plaintiff ANTONIO G. RUBIALES and Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA.

85. Plaintiff ANTONIO G. RUBIALES is entitled to damages as a result of the Defendants' breach of contract, as further stated above.

86. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff ANTONIO G. RUBIALES respectfully requests that this Honorable Court enter a judgment against Defendants TRUCK MOTION, JOAQUIN MARTIARENA, and ANDRES MARTIARENA, that :

A. Award the Plaintiff ANTONIO G. RUBIALES compensatory damages found to be due and owing;

B. Award the Plaintiff prejudgment interest;

C. Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

---

[3] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

D.  Order such other relief as this Court deems just and equitable.

<u>Demand for a Jury Trial</u>

Plaintiff ANTONIO G. RUBIALES demands trial by a jury of all issues triable as a right by a jury.

Date:  March 29, 2023,

                                  Respectfully submitted,

                                  By:  **/s/ Zandro E. Palma**
                                  ZANDRO E. PALMA, P.A.
                                  Florida Bar No.: 0024031
                                  9100 S. Dadeland Blvd.
                                  Suite 1500
                                  Miami, FL 33156
                                  Telephone: (305) 446-1500
                                  Facsimile:  (305) 446-1502
                                  zep@thepalmalawgroup.com
                                  *Attorney for Plaintiff*