UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 2:23-cv-14094-AMC

ANTONIO G. RUBIALES
and other similarly situated individuals,

    Plaintiff(s),

v.
,

TRUCK WORLD CORP
TRUCK MOTION CORP,
JOAQUIN MARTIARENA,
And ANDRES MARTIARENA,
individually,

    Defendants,
_____/

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS TRUCK MOTION CORP. AND JOAQUIN MARTIARENA

Plaintiff, Antonio G. Rubiales, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure a 55 (b)(2) and the Inherent Powers of the Court, hereby moves for entry of Default Judgment against the Defendant Truck Motion Corp. and Joaquin Martiarena and states as follows:

1. On or about March 30, 2023, Plaintiff brought the above titled action against the Defendants Truck Motion Corp. and Joaquin Martiarena to recover unpaid wages, liquidated damages, and the costs of reasonably attorney's fees under the laws of the United States, Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("the FLSA") and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367 [D.E. 1].

2. On or about April 17, 2023, Returns of Service were executed for Defendants Truck Motion Corp and Joaquin Martiarena; Proofs of Service should appear in the Court file [DE 8 & 11]. Answers were due on or before May 8, 2023.

3. Up to this date, Defendants have failed to obtain counsel and to respond to the complaint.

4. A Clerk's Default [D.E. 16] was entered on June 30, 2023 against Defendants Truck Motion Corp And Joaquin Martiarena.

5. The FLSA requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce a minimum wage of not less than statutorily prescribed amounts.

6. Section 216(b) provides that employers who violate §206 and/or §207 of the FLSA shall be liable to their employees for the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount in liquidated damages and attorney's fees and costs. See 29 U.S.C.A. § 216(b).

7. In support of the damages alleged in the Complaint, the Plaintiff hereby submits evidence in the form of affidavit [ Exhibit "A"].

8. Rule 55, Federal Rules of Civil Procedure, allows for Final Default Judgment to be entered by the Clerk upon "request of the Plaintiff and upon Affidavit of the amount due" if the Defendant has been defaulted for failure to appear.

9. Under Count I for a violation of the Fair Labor Standards Act (FLSA) the Plaintiff requested minimum wages for his 3 weeks of unpaid work in the amount of $2,310.00 (Min. Wage $11.00 x 70 hours weekly =$770.00 weekly x 3 weeks), plus liquidated damages and attorney's fees and costs.

10. Under Count II for a cause of action for unpaid wages, as an alternative to Count I and III, Plaintiff requested $3,900.00 ($1,300.00 weekly average x 3 weeks), plus, liquidated damages and attorney's fees and costs.

11. Under Count III for a cause of action for unjust enrichment, as an alternative to Count I and II, Plaintiff requested damages for failure to pay for services provided in the amount of $3,900.00 (1,300.00 weekly average x 3 weeks), plus attorney's fees and costs.

12. Therefore, Plaintiff is owed at least $2,310.00 during the period of time in which Plaintiff was working for Defendants, which well within the statute of limitations provided for under the FLSA as a matter of law. Plaintiff also seeks to recover the amount of $2,310.00 in liquidated damages.

13. Additionally, Plaintiff seeks to recover, attorney fees ($6,000.00) and costs ($1,057.00), for a total amount of $11,677.00 as judgment against Defendants.

14. Plaintiff claims judgment by default for failure of Defendants Truck Motion Corp and Joaquin Martiarena to file or serve any papers in the action or otherwise plead.

## MEMORANDUM OF LAW

### I. Default Judgment Under Fed. R. Civ. P. 55(b)

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." *United States v. Fleming*, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517, (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting *Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc.,* 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not

admitted by virtue of default." *Broad. Music, Inc. v. PRB Productions, Inc.,* 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014)(citing *Miller v. Paradise of Port Richey, Inc.,* 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." *Isaula v. Chicago Rest. Group, LLC*, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting *Miller*, 75 F.Supp.2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." *Fleming*, supra, 114 A.F.T.R. 2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* (quoting *United Artists Corp. v. Freeman*, 605 F. 2d 854, 857 (5th Cir.1979) [1] and citing *SEC v. Smyth*, 420 F. 3d 1225, 1231–32 (11th Cir. 2005). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." *Id.* (citing *Smyth,* 420 F. 3d at 1232 n. 13). *See also Broad. Music,* 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal." *Massachusetts Mut. Life Ins. Co. v. Hunter*, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)).

### Statutory Basis for FLSA Claims

The provision of the FLSA applicable to this case include section(s) 29 U.S.C. §§ 201-215. Under the FLSA, Plaintiff is entitled to be paid for each hour that Plaintiff worked for Defendants at the correct rate of pay. The underlying complaint alleges that Defendants willfully and/or knowingly violated the FLSA with respect to Plaintiff by failing to pay minimum wages properly under the law (Count I).

Plaintiff worked for Defendants from November 01, 2022, to February 03, 2023, and willfully failed to pay Plaintiff for 3 weeks of work. Plaintiff is owed the amount of $2,310.00 in minimum wages (these are wages for work that Plaintiff performed on Defendants' behalf for which Defendants did not properly pay Plaintiff). $2,310.00 in liquidated damages. [1]

### Damages Under The FLSA

The FLSA provides for the recovery of unpaid wages, back pay and liquidated damages as well as costs and reasonable attorney fees. 29 U.S.C.A. § 216(b). In this case, Plaintiff is owed wages for the time he worked for Defendants but was not paid by Defendants in violation of the FLSA, as codified by 29 U.S.C. § 206-207 (Count I).

Additionally, the FLSA provides for liquidated damages which would double the amount of the unpaid wages due and owing to Plaintiff by Defendants.

Therefore, Plaintiff Antonio Rubiales requests an award of $4,620.00 in back pay damages ($2,310.00 in minimum wages + $2,310.00 in liquidated damages = $4,620.00) [see Exhibit A- Affidavit of indebtedness of Plaintiff at ¶ 18].

### Attorney's Fees and Costs

---

[1] Counts II and III of Plaintiff's complaint are pled as an alternative.

The FLSA provides that the Plaintiff is entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C.§216(b). In *Hensley v. Eckerhart,* the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983).

Plaintiff's counsel has expended a total of 15.00 hours pursuing Plaintiff's claim against Defendant. [*See* Zandro Palma's Affidavit at ¶ 12; Exhibit B]. Plaintiff is requesting a reasonably hourly rate of $400.00 for Mr. Zandro E. Palma, Esq (a total amount of $6,000.00 in attorney's fees).

Effective as of January 1st, 2021, Mr. Palma bills all cases at the rate of $400.00 per hour for the professional services that are rendered. Prior to January 1st, 2021, his hourly rate was of $375.00 per hour. The current hourly rate of $400.00 reflects Mr. Palma's skills and experience in litigating employment cases and is reasonable in light of the relevant legal marketplace. Moreover, the $400.00 hourly rate has consistently been approved this year as reasonable by this Court, as well as courts in the Middle and Northern Districts of Florida.

The law firm of Zandro E. Palma, P.A. has also expended $1,057.00 in costs in Plaintiff's case. (*See* Zandro Palma's Affidavit at ¶ 17; Exhibit B). As such, the attorney fees and costs for prosecution of Plaintiff's claims against Defendants amounts to $7,057.00 ($6,000.00 + $1,057.00).

## Conclusion

For the reasons set forth above, Plaintiff respectfully requests that this Court enter default judgment against Defendants with respect to the FLSA claims in the amount of

$4,620.00 for Plaintiff and $7,057.00 in attorney's fees and costs; as well as post-judgment interest, and for such other relief as this Court deems just and proper.

Dated: September 1, 2023.

>Respectfully submitted,
>ZANDRO E. PALMA, ESQ.
>Florida Bar No.: 0024031
>zep@thepalmalawgroup.com
>ZANDRO E. PALMA, P.A.
>9100 South Dadeland Boulevard
>Suite 1500
>Miami, Florida 33156
>Telephone: (305) 446-1500
>Facsimile:  (305) 446-1502
>*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By:  /s/ Zandro E. Palma
>Zandro E. Palma, Esq.
>Florida Bar No.: 0024031
>zep@thepalmalawgroup.com
>ZANDRO E. PALMA, P.A.
>9100 South Dadeland Boulevard
>Suite 1500
>Miami, Florida 33156
>Telephone: (305) 446-1500
>Facsimile:  (305) 446-1502
>*Attorney for Plaintiff*

## SERVICE LIST
## CASE NO: 2:23-cv-14094-AMC

Truck Motion Corp
Through Its registered Agent
Joaquin Martiarena
1200 MERLOT DRIVE
PALM BEACH GARDENS, FL 33410

Joaquin Martiarena
1200 MERLOT DRIVE
PALM BEACH GARDENS, FL 33410

Zandro E. Palma Esq.
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd. Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 2:23-cv-14094-AMC

ANTONIO G. RUBIALES
and other similarly situated individuals,

    Plaintiff(s),

v.

TRUCK WORLD CORP
TRUCK MOTION CORP,
JOAQUIN MARTIARENA,
And ANDRES MARTIARENA,
individually,

    Defendants,
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

THIS CAUSE came before the Court upon Plaintiff's Motion for Default Judgment Against Defendants Truck Motion Corp And Joaquin Martiarena filed on September 1, 2023 [D.E. \_\_\_]:

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. A default has been entered against Defendants Truck Motion Corp And Joaquin Martiarena for failure to answer or otherwise plead to the Summons and Complaint served by Plaintiff. Counsel for Plaintiff filed an Affidavit with the Court as to the amount due from Defendants. Accordingly, it is

**ADJUDGED** that the Motion for Default Final Judgment is **GRANTED.** Judgment is hereby entered in favor of Plaintiff Antonio Rubiales and against Defendants Truck Motion Corp And Joaquin Martiarena. It is further

**ADJUDGED** that Plaintiff shall recover from Defendants Truck Motion Corp And Joaquin Martiarena compensatory damages in the amount of $4,620.00; attorney's fees and costs in the amount of $7,057.00; for a sum total of $11,677.00.

DONE AND ORDERED in Chambers at West Palma Beach, Florida, this ___ day of_____, 2023.

_____
ALICIA M. CANNON
US DISTRICT JUDGE

Copies provided to:

All parties and counsel of Record